UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Jane Doe (S.M.A.), | § | CIVIL ACTION NO: 3:23-CV-915-B |
| Jane Doe (C.B.), | § | CIVIL ACTION NO: 3:23-CV-918-B |
| Jane Doe (C.M.B.), | § | CIVIL ACTION NO: 3:23-CV-919-B |
| Jane Doe (S.W.), | § | CIVIL ACTION NO: 3:23-CV-920-B |
| Jane Doe (K.C.), | § | CIVIL ACTION NO: 3:23-CV-921-B |
| Jane Doe (J.D.), | § | CIVIL ACTION NO: 3:23-CV-923-B |
| Jane Doe (K.F.), | § | CIVIL ACTION NO: 3:23-CV-924-B |
| Jane Doe (T.F.), | § | CIVIL ACTION NO: 3:23-CV-925-B |
| Jane Doe (L.H.), | § | CIVIL ACTION NO: 3:23-CV-927-B |
| Jane Doe (S.A.H.), | § | CIVIL ACTION NO: 3:23-CV-928-B |
| Jane Doe (B.H.), | § | CIVIL ACTION NO: 3:23-CV-929-B |
| Jane Doe (C.J.), | § | CIVIL ACTION NO: 3:23-CV-930-B |
| Jane Doe (M.J.), | § | CIVIL ACTION NO: 3:23-CV-931-B |
| Jane Doe (J.K.), | § | CIVIL ACTION NO: 3:23-CV-932-B |
| Jane Doe (C.K.), | § | CIVIL ACTION NO: 3:23-CV-933-B |
| Jane Doe (I.L.), | § | CIVIL ACTION NO: 3:23-CV-935-B |
| Jane Doe (R.S.), | § | CIVIL ACTION NO: 3:23-CV-936-B |
| Jane Doe (P.S.), | § | CIVIL ACTION NO: 3:23-CV-937-B |
| Jane Doe (C.S.), | § | CIVIL ACTION NO: 3:23-CV-939-B |
| Jane Doe (M.T.), | § | CIVIL ACTION NO: 3:23-CV-940-B |
| Jane Doe (S.T.), | § | CIVIL ACTION NO: 3:23-CV-941-B |
| Jane Doe (G.T.), | § | CIVIL ACTION NO: 3:23-CV-943-B |
| Jane Doe (A.V.), | § | CIVIL ACTION NO: 3:23-CV-944-B |
| Jane Doe (A.S.), | § | CIVIL ACTION NO. 3:23-CV-1039-B |
| Jane Doe (B.A.), | § | CIVIL ACTION NO: 3:23-CV-1040-B |
| Jane Doe (B.D.), | § | CIVIL ACTION NO: 3:23-CV-1042-B |
| Jane Doe (B.L.), | § | CIVIL ACTION NO: 3:23-CV-1044-B |
| Jane Doe (K.W.), | § | CIVIL ACTION NO: 3:23-CV-1045-B |
| Jane Doe (B.S.), | § | CIVIL ACTION NO: 3:23-CV-1046-B |
| Jane Doe (L.M.), | § | CIVIL ACTION NO: 3:23-CV-1047-B |
| Jane Doe (C.R.M.), | § | CIVIL ACTION NO: 3:23-CV-1048-B |
| Jane Doe (M.D.), | § | CIVIL ACTION NO: 3:23-CV-1049-B |
| Jane Doe (H.H.), | § | CIVIL ACTION NO: 3:23-CV-1050-B |
| Jane Doe (R.H.), | § | CIVIL ACTION NO: 3:23-CV-1051-B |
| Jane Doe (J.J.), | § | CIVIL ACTION NO: 3:23-CV-1052-B |
| Jane Doe (J.R.), | § | CIVIL ACTION NO: 3:23-CV-1056-B |
| | § | |

| | | |
|---|---|---|
| Jane Doe (S.C.), | § | CIVIL ACTION NO: 3:23-CV-1057-B |
| Jane Doe (K.C.), | § | CIVIL ACTION NO: 3:23-CV-1058-B |
| Jane Doe (V.F.), | § | CIVIL ACTION NO: 3:23-CV-1059-B |
| Jane Doe (E.H.), | § | CIVIL ACTION NO: 3:23-CV-1071-B |
| Jane Doe (K.P.), | § | CIVIL ACTION NO: 3:23-CV-1110-B |
| Jane Doe (K.D.B.), | § | CIVIL ACTION NO: 3:23-CV-1122-B |
| Jane Doe (J.G.), | § | CIVIL ACTION NO: 3:23-CV-1322-B |
| Jane Doe (M.R.), | § | CIVIL ACTION NO: 3:23-CV-1324-B |
| Jane Doe (E.W.), | § | CIVIL ACTION NO: 3:23-CV-1325-B |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| SALESFORCE, INC.; | § | |
| BACKPAGE.COM, LLC; and CARL | § | |
| FERRER., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Salesforce, Inc.'s Motion to Consolidate, for Extension of Time, and for Leave to File Briefing in Excess of 25 Pages (Doc. 13). For the reasons stated below, the Motion is **GRANTED in part** and **DENIED in part.**

## I.

## BACKGROUND

There are currently forty-five nearly identical cases before the Court involving Defendants Salesforce, Backpage.com, LLC ("Backpage"), and Carl Ferrer. *See* Doc. 14, Mot. Br., 4.[1] The complaints are brought by individual Jane Does who allege that they were compelled into prostitution and sex trafficked on Backpage, an online marketplace used for the sale of sex until

---

[1] For ease of reference, the Court will cite to the docket of the first-filed case, S.M.A. v. Salesforce, Case No. 3:23-cv-0915-B. Any differences in the subsequently filed cases that may affect consolidation will be noted.

it was seized by the Federal Bureau of Investigation in 2018. *See, e.g.,* Doc. 1, Compl., ¶¶ 6, 88–92. They also allege Defendants knowingly participated and received a benefit from prostitution, the promotion of prostitution, and sex trafficking. *See id*. ¶¶ 46–87. Twenty-three of these cases were filed in federal court on May 1, 2023. Doc. 14, Mot. Br., 4. Three additional cases were filed on June 13, 2023. Nineteen[2] of these cases currently before the Court were removed to this Court by Defendant Salesforce[3] on May 10, 2023. *Id*. The Jane Doe Plaintiffs in the removed cases have filed motions to remand. *See, e.g.*, Mot. Remand, *A.S. v. Salesforce*, 3:23-cv-1039 (N.D. Tex. June 9, 2023).

Salesforce filed its Motion to Consolidate in forty-two of the cases before the Court.[4] *See* Doc. 13, Mot. Consol. It requests the Court consolidate the cases for pre-trial purposes because "the factual allegations of the complaints are nearly identical; they raise numerous overlapping legal and factual issues; they were filed by the same counsel; and they all list Salesforce, Backpage.com, LLC, and Carl Ferrer as the only defendants." Doc. 14, Mot. Br., 5. Salesforce also states that it plans to file "similar motions to dismiss in all of these cases" and requests an extended briefing schedule and leave to file briefing longer than 25 pages "[d]ue to the number of complaints and the multiple issues needing to be briefed." *Id*. at 5, 8. The Jane Doe Plaintiffs are partially opposed. In their Response, they request that the cases originally filed in federal court be transferred to the Southern District of Houston. Doc. 20, Resp., 3. Alternatively, the Jane Doe Plaintiffs request that the originally filed cases be consolidated and the removed cases remain separate given the pending motions to remand. *Id*. The Court considers the Motion below.

---

[2] Two of the removed cases were previously dismissed as duplicates.
[3] Neither Backpage nor Ferrer have appeared in any case.
[4] Salesforce has yet to file a Motion to Consolidate in the three cases filed on June 13, 2023. However, given the similarity of the cases, the Court will consider consolidating these three as well.

## II.

## LEGAL STANDARD

Consolidation of cases is appropriate "when the cases involve common questions of law and fact, and . . . [consolidation] would avoid unnecessary costs or delay." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). However, "[c]onsolidation is improper if it would prejudice the rights of the parties." *Id.* Under Rule 42(a), "the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

> When weighing whether to consolidate actions, a court considers factors such as:
>
> (1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial.

*RTIC Drinkware, LLC v. YETI Coolers, LLC*, 2017 WL 5244173, at *2 (W.D. Tex. Jan. 18, 2017).

## III.

## ANALYSIS

Here, several factors weigh in favor of consolidation. First, all forty-five cases are pending before this Court. *See id.* Second, the cases involve the same Defendants, Salesforce, Backpage, and Ferrer. *See id.* Third, given these cases are nearly identical, consolidation will reduce time

and protect against inconsistent rulings on nearly identical motions. *See id.* Finally, the cases are at the same stage of preparation for trial. *See id.*

However, the Court notes one relevant difference which affects its consolidation analysis. Given the Jane Doe Plaintiffs' Motion to Remand in the removed cases, these nineteen cases present a question of law the other twenty-six do not. Thus, the Court concludes that consolidating all forty-five cases is not the most efficient way to proceed. Instead, the Court **ORDERS** that the cases originally filed in the Northern District of Texas be consolidated and the cases removed from Texas state court be consolidated.

The cases originally filed in the Northern District of Texas are:

- A.V. v. Salesforce, Inc. (Case No. 3:23-CV-944);
- B.H. v. Salesforce, Inc. (Case No. 3:23-CV-929);
- C.B. v. Salesforce, Inc. (Case No. 3:23-CV-918);
- C.M.B. v. Salesforce, Inc. (Case No. 3:23-CV-919);
- C.J. v. Salesforce, Inc. (Case No. 3:23-CV-930);
- C.K. v. Salesforce, Inc. (Case No. 3:23-CV-933);
- C.S. v. Salesforce, Inc. (Case No. 3:23-CV-939);
- E.W. v. Salesforce, Inc. (Case No. 3:23-CV-1325);
- G.T. v. Salesforce, Inc. (Case No. 3:23-CV-943);
- I.L. v. Salesforce, Inc. (Case No. 3:23-CV-935);
- J.D. v. Salesforce, Inc. (Case No. 3:23-CV-923);
- J.G. v. Salesforce, Inc. (Case No. 3:23-CV-1322);
- J.K. v. Salesforce, Inc. (Case No. 3:23-CV-932);

- K.C. v. Salesforce, Inc. (Case No. 3:23-CV-921);

- K.F. v. Salesforce, Inc. (Case No. 3:23-CV-924);

- L.H. v. Salesforce, Inc. (Case No. 3:23-CV-927);

- M.J. v. Salesforce, Inc. (Case No. 3:23-CV-931);

- M.R. v. Salesforce, Inc. (Case No. 3:23-CV-1324);

- M.T. v. Salesforce, Inc. (Case No. 3:23-CV-940);

- P.S. v. Salesforce, Inc. (Case No. 3:23-CV-937);

- R.S. v. Salesforce, Inc. (Case No. 3:23-CV-936);

- S.A.H. v. Salesforce, Inc. (Case No. 3:23-CV-928);

- S.M.A. v. Salesforce, Inc. (Case No. 3:23-CV-915);

- S.T. v. Salesforce, Inc. (Case No. 3:23-CV-941);

- S.W. v. Salesforce, Inc. (Case No. 3:23-CV-920); and

- T.F. v. Salesforce, Inc. (Case No. 3:23-CV-925).

The Clerk of Court is **DIRECTED** to file this Order in *all* cases listed above. However, all future pleadings shall be filed in S.M.A. v. Salesforce, Inc., Case No. 3:23-cv-0915-B ("the Originally Filed Cases"). The Court will consider the Jane Doe Plaintiffs' Motion to Transfer once the cases have been consolidated.

The cases removed from Texas state court are:

- A.S. v. Salesforce, Inc. (Case No. 3:23-CV-1039);

- B.A. v. Salesforce, Inc. (Case No. 3:23-CV-1040);

- B.D. v. Salesforce, Inc. (Case No. 3:23-CV-1042);

- B.L. v. Salesforce, Inc. (Case No. 3:23-CV-1044);

- B.S. v. Salesforce, Inc. (Case No. 3:23-CV-1046);
- C.R.M. v. Salesforce, Inc. (Case No. 3:23-CV-1048);
- E.H. v. Salesforce, Inc. (Case No. 3:23-CV-1071);
- H.H. v. Salesforce, Inc. (Case No. 3:23-CV-1051);
- J.J. v. Salesforce, Inc. (Case No. 3:23-CV-1052);
- J.R. v. Salesforce, Inc. (Case No. 3:23-CV-1056);
- K.C. v. Salesforce, Inc. (Case No. 3:23-CV-1058);
- K.D.B. v. Salesforce, Inc. (Case No. 3:23-CV-1122);
- K.P. v. Salesforce, Inc. (Case No. 3:23-CV-1110);
- K.W. v. Salesforce, Inc. (Case No. 3:23-CV-1045);
- L.M. v. Salesforce, Inc. (Case No. 3:23-CV-1047);
- M.D. v. Salesforce, Inc. (Case No. 3:23-CV-1049);
- R.H. v. Salesforce, Inc. (Case No. 3:23-CV-1051);
- S.C. v. Salesforce, Inc. (Case No. 3:23-CV-1057); and
- V.F. v. Salesforce, Inc. (Case No. 3:23-CV-1059).

The Clerk of Court is **DIRECTED** to file this Order in *all* cases listed above. However, all future pleadings shall be filed in A.S. v. Salesforce, Case No. 3:23-cv-1039-B ("the Removed Cases").

The Court next turns to the briefing schedules. Beginning with the Originally Filed Cases, the Court concludes that the briefing schedule for the Jane Doe Plaintiffs' Motion to Transfer shall remain the same. Thus, the Court sets the following deadlines for the Originally Filed Cases.

- Salesforce's deadline to file a Response is **July 6, 2023;** and
- The Jane Doe Plaintiffs' deadline to file a Reply is **July 20, 2023**.

Next, given the number of cases and various legal issues, an extended briefing schedule for Salesforce's Motion to Dismiss in the Originally Filed Cases is appropriate. However, the Court declines to implement the schedule suggested by Salesforce and sets the following deadlines for the Originally Filed Cases.

- Salesforce's deadline to file a consolidated Motion to Dismiss is **June 30, 2023**;
- The Jane Doe Plaintiffs' deadline to file a consolidated response is **August 1, 2023**; and
- Salesforce's deadline to file a consolidated reply is **September 1, 2023**.

As to the Removed Cases, the Court agrees that Salesforce's deadline to respond should be stayed pending the Court's resolution of the Jane Doe Plaintiffs' Motion to Remand. The Court sets the following deadlines for the Removed Cases.

- Salesforce shall have **ONE MONTH** from the date of the Court's Order on the Motion to Remand to respond to the Removed Cases' Complaint;
- The Jane Doe Plaintiffs shall have **TWO MONTHS** from the date of the Court's Order to respond; and
- Salesforce shall have **THREE MONTHS** from the date of the Court's Order to reply.

Finally, as to Salesforce's request to file briefing in excess of twenty-five pages, the Court concludes that extending the page limit for Salesforce's Motions to Dismiss is appropriate. Therefore, the Court permits **THIRTY PAGES** for Salesforce's Motions to Dismiss, **THIRTY PAGES** for the Jane Doe Plaintiffs' Responses, and **FIFTEEN PAGES** for Salesforce's Reply.

### IV.

### CONCLUSION

For the reasons stated above, the Motion is **GRANTED in part** and **DENIED in part.** The Clerk of Court is **DIRECTED** to consolidate the cases originally filed in the Northern District of Texas listed above into S.M.A. v. Salesforce, Inc., Case No. 3:23-cv-0915-B. Further,

-9-

the Clerk of Court is **DIRECTED** to consolidate the cases removed from Texas state court listed above into A.S. v. Salesforce, Case No. 3:23-cv-1039-B.

SO ORDERED.

SIGNED: June 20, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE